```
            UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
MICHELLE USTASZESKI-HUTCHINSON      :
                                    :    No.:
     v.                             :
                                    :
PHOEBE-DEVITT HOMES d/b/a PHOEBE    :    JURY TRIAL DEMANDED
MINISTRIES                          :
_____
```

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

2. Venue in the Eastern District of Pennsylvania is appropriate because the occurrences which are the subject of this litigation occurred in this District.

### PARTIES

3. Plaintiff, Michelle Ustaszeski-Hutchinson, is an adult individual who resides at 4174 Bunker Hill Drive North,

Coopersburg, PA 18036.

4. Defendant, Phoebe-Devitt Homes d/b/a Phoebe Ministries, is a not-for-profit corporation with a place of business located at 1925 Turner Street, Allentown, PA 18104 which is located in Lehigh County, PA.

FACTS

5. Defendant employs over 500 people.

6. At all times material hereto, defendant operated a residential care facility 108 S. Main Street, Richlandtown, PA 18955, in Bucks County, PA, which is located in this judicial district.

7. At all times material hereto, plaintiff has suffered from post-traumatic stress disorder and anxiety disorder, which are disabilities pursuant to the ADA because they each affect at least one major life activity including but not limited to the ability to learn, read, concentrate, and think.

8. At all times material hereto, plaintiff was certified by a physician (licensed health care professional) to use medical marijuana in the Commonwealth of Pennsylvania pursuant to the Medical Marijuana Act, Act of Apr. 17, 2016, P.L. 84, No. 16, Cl. 35 (hereinafter "the MMA").

9. At all times material hereto, plaintiff was a patient under said physician's continuing care for the aforementioned

medical conditions.

10. Plaintiff was directed by her physician to use the medical marijuana prescribed to her in the evenings so that plaintiff would not be impaired during the daytime.

11. On or about January 26, 2022, plaintiff was offered employment with defendant as a Resident Care Assistant at the defendant's Richlandtown facility, and this offer was made contingent upon the results of a medical examination and drug screen.

12. On or about February 7, 2022, plaintiff was examined by the defendant's physician and also provided a urine sample for a drug screen.

13. On or about February 7, 2022, plaintiff showed the physician her medical marijuana card.

14. On or about February 11, 2022, plaintiff sent a copy of her medical marijuana card to defendant's medical review officer by email.

15. On February 18, 2022, the defendant's nurse left a message on plaintiff's phone that she should call her to discuss the results of her drug test.

16. Plaintiff called back the defendant's nurse several times and left messages, but defendant's nurse never picked up the phone or called plaintiff back to discuss the results of her drug test.

17. On February 22, 2022, plaintiff received an email informing her that defendant's conditional offer of employment was rescinded ". . . based in whole or part, on the information collected during the pre-employment screening process."

18. Defendant's proffered reasons for terminating plaintiff was mere pretext to mask the true discriminatory reason for her termination.

19. The true reason why defendant rescinded the offer of employment it made to plaintiff was because she tested positive for marijuana—a result that would be expected given that she was a certified medical marijuana patient.

20. Defendant was completely aware that plaintiff was a medical marijuana patient before it made the decision to withdraw the offer of employment it made to plaintiff.

## COUNT 1— ADA

21. Plaintiff repeats paragraphs 1-20 as if more fully set forth herein.

21. The true reason why plaintiff was terminated was because defendant erroneously regarded plaintiff as engaging in the illegal use of drugs.

22. Plaintiff's use of marijuana was not illegal under Schedule I of the Controlled Substances Act because pursuant to 42 U.S.C. Section 12210(d)(1) and (2) of the ADA, "The term

'illegal use of drugs' <u>does not include</u> the use of a [Schedule I Controlled Substance] taken under supervision by a licensed health care professional . . .."

23. Defendant mistakenly regarded plaintiff as disabled because it erroneously believed that plaintiff was engaging in illegal drug use, despite she was not engaging in such use. See 42 U.S.C. 12114(b)(3).

24. Defendant discriminated against plaintiff by refusing to hire her based upon this perceived disability.

25. At all times material hereto, plaintiff was able to perform the job for which she was hired with or without reasonable accommodation.

26. Defendant's actions violated the ADA.

27. Defendant and its agents acted at all times material hereto with their authority to hire, fire and/or discipline.

28. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

29. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of defendant's refusal to hire her.

30. Plaintiff seeks lost pay, benefits, lost future pay, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees and costs.

31. Defendant and its decisionmakers acted with malice by intentionally discriminating against plaintiff and by terminating her because of her perceived disability.

32. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff and by refusing to hire her because of her perceived disability.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

**COUNT 2— ADA**

33. Plaintiff repeats paragraphs 1-32 as if more fully set forth herein.

34. Defendant wrongly regarded plaintiff as disabled because it perceived that her use of medical marijuana prevented her from performing her job in a safe manner.

35. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff and by refusing to hire her because of her perceived disability.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 2 against defendant for lost pay, lost

bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

### COUNT 3– MMA Discrimination

36. Plaintiff repeats paragraphs 1-35 as if more fully set forth herein.

37. At all times material hereto, plaintiff was issued a valid Medical Marijuana card (hereinafter "MMC") pursuant to the MMA which allowed her to legally use medical marijuana to treat her medical conditions outlined herein above.

38. As the holder of an MMC, plaintiff is an individual who is certified to use medical marijuana in the Commonwealth of Pennsylvania.

39. As set forth herein above, defendant refused to hire plaintiff after she tested positive for marijuana—a result which was expected given her use of medical marijuana.

40. Thus, plaintiff was terminated solely because she was certified to use medical marijuana in the Commonwealth of Pennsylvania pursuant to the MMA in that a positive test result for marijuana comes hand in hand with being a certified user of medical marijuana.

41. Plaintiff never used, and never intended to use,

medical marijuana at the workplace and thus would never be under the influence of medical marijuana at the workplace, and defendant never accused plaintiff of such conduct.

42. Section 2103(b) of the MMA requires that "[n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b).

43. Defendant's proffered reason for its refusal to hire plaintiff as well as any policy it relied upon to preclude the hiring of persons such as plaintiff who use of medical marijuana violated Section 2103(b) of the MMA.

44. Based upon the foregoing, plaintiff has suffered damages because of defendant's unlawful actions.

45. Defendant at all times material hereto acted with malice in that it intended to cause injuries and damages to plaintiff despite its knowledge of the laws of this Commonwealth allow those who are certified to legally use of medical marijuana.

46. Defendant would not have terminated plaintiff but for plaintiff's "status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b).

47. At all times relevant to this Action, plaintiff used

medicinal marijuana lawfully in accordance with 35 P.S. § 303(i).

48. At all times prior to its decision to deny employment to plaintiff, defendant was aware that plaintiff was certified to use medicinal marijuana in accordance with the MMA.

49. No federal law that criminalizes possession, sale or distribution of marijuana conflicts with Section 2103(b) of the MMA which prohibits defendant from hiring and employing certified users of medical marijuana in the Commonwealth of Pennsylvania.

50. No federal law or contract that requires defendant to maintain a drug free work environment which conflicts with medical marijuana possession and/or usage outside the workplace by certified users of medical marijuana in the Commonwealth of Pennsylvania such as plaintiff.

51. There is no safety risk posed to the public or to plaintiff related to her lawful use of medical marijuana as directed by her physician.

52. By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the MMA.

53. As a direct and proximate result of Defendant's violation of the MMA, plaintiff has sustained the injuries, damages, and losses set forth herein above.

54. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages under the

MMA.

56. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 3 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033
Fax: 215-546-6269

Date:  April 15, 2022          Attorney for Plaintiff